THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| TIMOTHY JAMES PETERSON,<br><br>    Petitioner,<br><br>v.<br><br>STATE OF UTAH,<br><br>    Respondent. | **MEMORANDUM DECISION & ORDER GRANTING MOTION TO DISMISS**<br><br>Case No. 2:21-cv-00420-DBB<br><br>District Judge David Barlow |

  Petitioner, a Utah state inmate, filed a habeas-corpus petition. 28 U.S.C.S. § 2254 (2023). (ECF No. 1.) Upon filing the Petition, Petitioner also filed a motion for appointed counsel. (ECF No. 2.) On November 2, 2021, the Court denied the motion for appointed counsel, with the reassurance that "if it later appears that counsel may be needed or of specific help, the Court may appoint counsel to appear on Petitioner's behalf." (ECF No. 3, at 2.)

  After the State moved for dismissal, (ECF No. 5), Petitioner was required to within thirty days "file a reply or risk dismissal," (ECF No. 3, at 3). When Petitioner did not reply as required, the Court ordered him to within thirty days show cause why his petition should not be dismissed. (ECF No. 6.) Petitioner responded to the Order to Show Cause, essentially arguing that he could not respond because the Court had not appointed a lawyer to represent him *pro bono*. (ECF Nos. 2, 3, 8.) Noting that Petitioner had been "able to file eighty-nine pages of his petition and exhibits on his own, showing an understanding of the process and arguments," the Court gave Petitioner "a **FINAL** thirty days in which to **SHOW CAUSE** why his petition should not be

dismissed because he has not filed his required response to Respondent's Motion to Dismiss, docketed November 23, 2021, nearly six months ago." (ECF No. 9 (emphasis in original).)

More than a month went by in which the Court did not hear from Petitioner, and it appeared that the Order to Show Cause had not reached Petitioner. (ECF No. 10.) So, on June 28, 2022, the Court issued a "Renewed Final Order to Show Cause," stating "Petitioner's argument that he is unable to respond because he lacks access to a lawyer is not an adequate reason to support his failure to at least try to respond to the Motion to Dismiss." (ECF No. 13.)

Petitioner responded to the Renewed Final Order to Show Cause with about seven pages of arguments that he is not able to respond to Respondent's Motion to Dismiss without representation. (ECF No. 14.) In those pages, he was able to cite and discuss legal authority and provide exhibits, in an attempt to support his purported need for counsel. (*Id.*) Despite showing these abilities, he continues to insist that he has no possible capacity to even try to respond to the Motion to Dismiss without counsel. (*Id.*)

The Court therefore rules on Respondent's Motion to Dismiss without the benefit of a response. (ECF No. 5.) The Motion to Dismiss argues for dismissal of the Petition because it contains only one claim that was exhausted on direct appeal, while the remaining claims are unexhausted and being litigated by Petitioner in a state post-conviction proceeding. (*Id.*)

## I. BACKGROUND

Petitioner was convicted in Utah state court of aggravated kidnapping, aggravated assault, and failure to stop. *State v. Peterson*, 2020 UT App 47, ¶ 6. He was sentenced "to concurrent terms of fifteen years to life for the aggravated kidnapping, one to fifteen years for the aggravated assault, and up to one year on the failure to stop conviction." *Id.* ¶ 7. His convictions were affirmed by the Utah Court of Appeals. *Id.* ¶ 1. In his petition for certiorari

review in the Utah Supreme Court, he attacked the court of appeals' affirmance, raising but one issue: "The aggravated kidnapping and aggravated assault convictions should merge." (ECF No. 5-2, at 2.) The supreme court denied certiorari review. *State v. Peterson*, 470 P.3d 445 (Utah 2020) (table).

On July 9, 2021, Petitioner filed a state Petition for Relief Under the Post-Conviction Remedies Act, in which he raised the grounds of the prosecution's unconstitutional failure to disclose certain evidence and several instances of ineffective assistance of trial counsel. (ECF No. 5-3.) According to the latest information available to the Court, this state petition has not completed its course through the Utah state courts.

Meanwhile, in his Petition here, Petitioner appears to raise issues of ineffective assistance of trial counsel, insufficient evidence of kidnapping, and failure of the prosecution to disclose certain evidence. (ECF No. 1.)

## II. EXHAUSTION & MIXED PETITION

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C.S. § 2254(b)(1)(A) (2023). A state inmate must show exhaustion of available state remedies. *See McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009). To meet the demands of exhaustion, the inmate must fairly submit any claims to the state's highest court--either through direct review or postconviction challenge--before bringing them in federal court. *See Fairchild v. Workman*, 579 F.3d 1134, 1151 (10th Cir. 2009). A claim is considered exhausted only if the inmate presented "the state courts with the same claim he urges upon the federal courts." *Picard v. Connor*, 404 U.S. 270, 276 (1971).

Here, thus far, the only claim Petitioner raised all the way to the Utah Supreme Court was the one he brought on direct appeal in a certiorari petition: "The aggravated kidnapping and aggravated assault convictions should merge." (ECF No. 5-2, at 2.) But, in his Petition here, Petitioner appears to raise issues of ineffective assistance of trial counsel, insufficient evidence of kidnapping, and failure of the prosecution to disclose certain evidence; these issues are apparently still making their way through the state court system in a post-conviction petition and subsequent appeals. (ECF No. 1.)

"A habeas petition is 'mixed' if it includes both exhausted and unexhausted claims." *Fontenot v. Crow*, 4 F.4th 982, 1019 (10th Cir. 2021). When faced with a mixed petition, a district court may either "(1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits." *Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002). As a third option, the court may also allow the petitioner to omit from the petition any unexhausted claims, proceeding solely on any exhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A final alternative involves staying the petition and keeping it in abeyance while the petitioner revisits state court to exhaust any unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 279 (2005).

Respondent reviewed all these principles in its Motion to Dismiss. (ECF No. 5.) Considering Petitioner had already returned to state court to pursue post-conviction relief on issues he had not addressed on direct appeal, Respondent did not wish to circumvent the state court's opportunity to rule on Petitioner's post-conviction challenges on the merits and instead urged dismissal without prejudice to allow Petitioner to continue to work on properly exhausting. And, as thoroughly outlined above, Petitioner has refused to substantively respond and take a

4

stand on any of these options. This means Petitioner has not chosen the options of omitting unexhausted claims in immediate pursuit of only exhausted claims, or seeking a *Rhines* stay.

Under this procedural posture, the Court grants Respondent's Motion to Dismiss. (ECF No. 5.) After Petitioner has exhausted his post-conviction claims in the state courts, he may file a new federal habeas action in this Court if he wishes, carefully observing the federal period of limitation.[1]

---

[1] The period of limitation is explained by statute as follows:
> **(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.S. § 2244(d) (2023).

## III. CONCLUSION

**IT IS ORDERED** that:

**(1)** Respondent's Motion to Dismiss is **GRANTED**. (ECF No. 5.) The Petition is dismissed without prejudice.

**(2)** A certificate of appealability is **DENIED**.

DATED this 27th day of April, 2023.

BY THE COURT:

_____
DAVID BARLOW
United States District Judge