THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| TIMOTHY JAMES PETERSON,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>STATE OF UTAH,<br><br>　　　　　　　　　Respondent. | **MEMORANDUM DECISION<br>& ORDER DENYING STAY AND<br>ABEYANCE**<br><br>Case No. 2:21-cv-420-DBB<br><br>District Judge David Barlow |

In this federal habeas corpus case, *pro se*[1] inmate Timothy James Peterson ("Petitioner") challenges his state convictions. 28 U.S.C. § 2254 (2024) ("[A] district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). This court has dismissed the Petition without prejudice to allow Petitioner to complete the process of exhausting his claims in state court. (ECF No. 17.) Petitioner has filed a post-judgment motion requesting that the court adopt the alternative option of a stay and abeyance. *See* ECF No. 19.

## II. LEGAL FRAMEWORK

A federal court may grant a motion for relief from final judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

---

[1] *Pro se* pleadings are entitled to liberal construction. *See, Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Federal courts also have discretion to issue a stay and hold a case in abeyance to allow Petitioner to return to state court to exhaust unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). The exercise of discretion to grant a stay and abeyance must be "compatible with AEDPA's purposes." *Id*. However,

> Stay and abeyance, if employed too frequently, has the potential to undermine [the] twin purposes [of the AEDPA]. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

*Id.* at 277. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* A diminution of statutory incentives to proceed first in state court would also increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce. *Duncan v. Walker*, 533 U.S. 167, 180 (2001). Nevertheless, the Supreme Court has counseled that it would "likely" be an abuse of discretion "to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278.

### III. ANALYSIS

Petitioner implicitly asks the court to vacate the dismissal without prejudice (ECF No. 17) to grant a stay and abeyance while he concludes his state proceedings for post-conviction

relief. Although the court has authority to grant such relief in certain circumstances, Petitioner's motion fails to address any of the requirements necessary for such relief under Rule 60(b). Nor does Petitioner address any of the requirements for a stay under *Rhines*: (1) good cause for his failure to exhaust, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

## V. CONCLUSION

Because Petitioner has neglected to provide any legal basis to vacate the order dismissing the Petition without prejudice, nor to hold the case in abeyance while he exhausts his claims in state court, this court declines to do so. After Petitioner has exhausted his post-conviction claims in the state courts, he may file a new federal habeas action in this court if he wishes, carefully observing the federal period of limitation. *See* 28 U.S.C.S. § 2244(d) (2024).

**IT IS THEREFORE ORDERED** that the Petitioner's motion for stay and abeyance is **DENIED**.

DATED this 22nd day of March, 2024.

BY THE COURT

_____
JUDGE DAVID BARLOW
United States District Court